IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:19-CR-75-TLP-DCP |
| JAMICAH JACKSON, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Defendant's Motion to Reopen Detention His Hearing [Doc. 353], filed on September 25, 2020, by Defendant Jamicah Jackson. *See* 28 U.S.C. § 636(b)  The Defendant asks the court to release him on conditions pending the trial of this matter, because he has new information that was not known at the time of his detention hearing that will show that his likely to appear and not likely to be a danger.  Specifically, the Defendant states that state charges of aggravated assault and auto burglary, which were pending at the time of his detention hearing, were dismissed on June 15, 2020.  The Government responds [Doc. 361] in opposition to this motion, arguing the dismissal of the state charges is not material, because the Court previously considered only the Defendant's arrest for these charges and knew they could be dismissed.

On March 24, 2020, the undersigned[1] conducted a detention hearing and took the matter of Defendant Jackson's release or detention under advisement [Doc. 247, Minutes].  On the

---

[1] Although this case is assigned to United States Magistrate Judge Debra C. Poplin, the undersigned conducted Defendant' Jackson's detention hearing and, thus, considers the motion to reopen that hearing.

1

following day, the Court entered an Order of Detention Pending Trial, finding that a rebuttable presumption applies in this case and that Defendant Jackson had failed to rebut the presumption that no condition or combination of conditions will reasonably assure the safety of the community [Doc. 249]. The Court also found the Defendant posed a serious risk of endangering the safety of another person or the community. In so finding, the Court considered the Defendant's arrest for aggravated assault and auto burglary, in relation to his pending state charges for these offenses, which the Court concluded weighed in favor of detention. With regard to these pending charges, the Court observed that it "may consider prior arrests as part of a criminal history even though the defendant has not been convicted of the charges" [Doc. 249, p.2].

The Court may reopen a detention hearing

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2). The reopening of a detention hearing is discretionary with the Court, and "[n]ew and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *United States v. Jerdine*, 2009 WL 4906564, *3 (N.D. Ohio 2009). A detention hearing "should not be reopened if the evidence proffered was available at the time of the hearing." *Id.* (citing *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991) (affirming denial of motion to reopen because witness affidavits could have been introduced at the detention hearing)). Material information is

information "of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012).

In his motion, the Defendant states that at the detention hearing, the Court heard evidence regarding his criminal history and history of arrests, specifically that he had a prior conviction for evading arrest and pending state charges for aggravated assault and auto burglary. The Defendant states the pending charges for aggravated assault and auto burglary were dismissed on June 15, 2020. He attaches copies of his Knox County judgments in support of this assertion [Doc. 354-1 & -2]. He contends this information is material to the matter of his release. The Defendant argues that a prior arrest for which the charges are dismissed should not carry the same weight as a prior arrest that resulted in a conviction. He maintains that the dismissal of these charges shows that he is less likely to pose a danger to the community.[2]

The Government opposes reopening the detention hearing, asserting that the dismissal of the state charges has no material bearing on the likelihood that he poses a danger to the community. It contends that the Court knew the pending state charges were not final convictions at the time of the detention hearing and only considered the state charges in relation to the Defendant's arrest for these charges. It points out that the Defendant's arrest on these charges is still relevant to his dangerousness, even though the charges have been dismissed.

The Court agrees with the Government that Defendant Jackson has not stated a basis for reopening the detention hearing. The Court previously considered the pending state charges for

---

[2] Defendant also argues that the dismissal of the state charges demonstrates that he is less likely to flee, because he would no longer be held accountable for the state charges. The Court did not find Defendant Jackson to be a flight risk [See Doc. 249, p.2]. However, if it had, it would find the Defendant's argument in this regard to be unpersuasive, because the Defendant would still have criminal charges, the instant federal charges, for which he would be accountable.

aggravated assault and auto burglary as a part of the Defendant's criminal history only in relation to his arrest for these charges. The Court already gave these charges lesser weight because they were not convictions. Moreover, the Court can still consider the Defendant's arrest for these charges under the § 3142(g) factors, even though they have been dismissed. *See United States v. Aceudeo-Ramos*, 755 F.2d 203, 209 (1st Cir. 1985) (holding court properly considered defendant's prior bad conduct of obstructing jury, despite two hung juries on charges relating to this conduct); *see also United States v. Tolbert*, Nos. 3:09-CR-56-TAV-HBG & 3:10-CR-30-TAV-HBG, 2017 WL 6003075, *6 (E.D. Tenn. Dec. 4, 2017) (finding defendant's lengthy history of arrests supported detention).

Accordingly, the Court finds that the information provided by the Defendant in his motion to reconsider, i.e., that his state charges were dismissed, does not have a material bearing upon the Court's finding that he is a danger to the community. The Defendant has not presented information that would warrant the reopening of his detention hearing. *See* 18 U.S.C. § 3142(f)(2). Moreover, even if the Court were to consider the dismissal of the state charges, the Court finds that this information does not alter the Court's previous finding that the Defendant has failed to rebut the presumption that no conditions or combination of conditions will assure the safety of the community. The Defendant has a prior conviction for evading arrest during a high-speed pursuit. Moreover, based upon DEA Task Force Officer Bruce Conkey's testimony, the Court found the Defendant to be an experienced drug trafficker [Doc. 249, p.2]. These findings weighed heavily in the Court's determination that the Defendant poses a serious risk of danger to the community and that no conditions could assure the safety of the community, if he

were to be released. Thus, the Defendant's Motion to Reopen Detention His Hearing [**Doc. 353**] is **DENIED**. Defendant Jackson shall remain detained pending his trial.

    **IT IS SO ORDERED.**

                      ENTER:

                        _/s/ Bruce Guyton_
                      United States Magistrate Judge